## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIE   HAMILTON, | ) | |
| Petitioner, | ) | Case No. 1:07-cv-00689 (JR) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES FEDERAL | ) | |
| PAROLE COMMISSION, | ) | |
| Respondent. | ) | |

### UNITED STATES PAROLE COMMISSION OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW the Respondent, by and through the undersigned Assistant United States Attorney, and submits the following opposition to the above-captioned petition for writ of habeas corpus, pursuant to 28 U. S. C. § 2241.

### STATEMENT OF THE FACTS

On January 29, 1992,  petitioner was sentenced to a 4 to 12 year prison term by the Superior Court of the District of Columbia for distribution of cocaine. See Exhibit 1, Judgment and Commitment Order and Sentence Computation Record.  Petitioner was paroled on November 12, 1997 by the former District of Columbia Board of Parole.  See Exhibit 2, Parole Certificate and Release Verification Report.  On October 16, 1998, the D.C. Board issued a parole violator warrant for the petitioner.  See Exhibit 3.   The petitioner  was arrested on the warrant on October 28, 1998. Id.. Petitioner was given a revocation hearing by a hearing examiner of the D.C. Board on December 4, 1998.  See Exhibit 4, Record of Revocation Hearing.  On January 8, 1999, the Board revoked petitioner's parole and ordered reconsideration for reparole by July 28, 1999.  See Exhibit 5, Notice of Action).

1

Petitioner was paroled on December 14, 2001 by the U.S. Parole Commission.  See Exhibit 6, Parole Certificate.[1]  On November 13, 2002, the Commission issued a parole violation warrant for petitioner based on a series of administrative violations.  See Exhibit 7, Warrant Application and Exhibit 8, Warrant.  Petitioner was arrested on the warrant on April 28, 2003.  See Exhibit 9.  In supplemental warrant applications dated June 7, 2003 and October 27, 2003, the Commission added charges of law violations and information that petitioner had received a new conviction for burglary/possession of burglary tools.  See Exhibits 10 and 11.  Petitioner agreed to a disposition without a revocation hearing and the Commission issued the following decisions on November 14, 2003: (1) revoke parole; (2) none of the time spent on parole shall be credited; and (3) parole effective May 2, 2004 after the service of 16 months.  See Exhibit 12, Notice of Eligibility for Expedited Revocation and Exhibit 13, Notice of Action.

Petitioner was again paroled on April 30, 2004 by the Parole Commission.  See Exhibit 14, Parole Certificate and Exhibit 1, Sentence Computation Record, p. 2.  On November 22, 2006, the Commission issued a parole violation warrant for petitioner for administrative and law violations. See Exhibit 15, Warrant Application and Exhibit 16, Warrant.  Petitioner was arrested on the warrant on December 12, 2006.  See Exhibit 17.  On May 14, 2007, the Commission issued a supplemental warrant application noting new convictions for the parolee.  See Exhibit 18.  On May 21, 2007, a revocation hearing was held.  See Exhibit 19, Hearing Docket.[2]  Petitioner now claims that he is

---

[1]  The U.S. Parole Commission took over the responsibility from the D.C. Board of Parole for making parole release decisions for Superior Court felons on August 5, 1998, and took over the responsibility for making parole revocation decisions for Superior Court felons on August 5, 2001.  See D.C. Code § 24-131(a)(1) & (2).

[2]  The hearing examiner recommended revocation and a reparole after the service of 12 months. This recommendation will be reviewed by another examiner and the Commission. Upon

entitled to receive credit for the 29 months he was on parole, which is to be applied to reduce the current expiration date of his sentence. We disagree.

## ARGUMENT

I. **THE COMMISSION CORRECTLY FORFEITED ALL OF THE TIME PETITIONER SPENT ON PAROLE WHEN IT REVOKED PETITIONER'S PAROLE.**

Petitioner claims that he received a four to twelve year sentence in 1992 for the offense of Distribution of Cocaine with a mandatory minimum, and good time, and that the Unites States Parole Commission has enhanced his sentence by "taking the time [he] spent out on parole." (Petitioner's Petition at 5). More specifically, petitioner claims that he was on parole in 2004, his parole was violated in 2006, and the 29 months he spent on parole was illegally "taken" which will result in a 2009 release date. Id. Petitioner's argument has no merit.

A. **Street time forfeiture is automatic under D.C. Code § 24-406.**

The law is clear that, upon revocation of parole, none of the time that a prisoner has previously spent on parole in the past can be credited to the service of his sentence, and that street time is properly forfeited. See D.C. Code § 24-406(a); United States Parole Comm'n v. Noble, 693 A.2d 1084, 1085 (D.C.1997), op. adopted, 711 A.2d 85 (D.C.1998) (en banc)(D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); see also Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. 2002)(appellant cannot receive credit for "street time" after his parole is revoked); Mills v. U.S. Parole Comm'n., 2006 WL 270262, *3 (D.D.C. February 2,

---

order of the Court that it do so, the respondent can supplement the record with the written hearing summary and the decision after the Commissioners review the recommendations of the hearing examiner and the reviewing examiner and a determination is made

2006) (same); <u>Redrick v. Williamson</u>, 2005 WL 1155041, *3 (M.D. Pa. May 4, 2005) (D.C. offenders cannot receive credit for "street time" after parole is revoked); <u>McRae v. D.C. Parole Board</u>, 2002 WL 32388337, *2 (E.D.Va May 13, 2002) (same) . Thus, the Commission correctly forfeited all of the time the petitioner spent on parole supervision when it revoked his parole.

Accordingly, the Commission has correctly forfeited all of the time petitioner had spent on parole supervision when it revoked petitioner's parole and petitioner's petition should be summarily denied.

## <u>CONCLUSION</u>

For the foregoing reasons, petitioner's petition for writ of habeas corpus should be summarily denied.                                                 Respectfully Submitted,

  /s/ Jeffrey Taylor
JEFFREY A. TAYLOR, Bar No. 498610
United States Attorney

  /s/Robert Okun
ROBERT D. OKUN, Bar No. 457078
Assistant United States Attorney
Chief, Special Proceedings Division

  /s/ Carolyn Kolben
CAROLYN K. KOLBEN, Bar No. 391156
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document and attachments to be filed via the Electronic

Case Filing System and that a copy was mailed this 23rd  day of May, 2007 to Willie Hamilton, No.

225-581, Reg. No. 06088-007, D.C. Jail, 1901 D Street, S.E., Washington, D.C. 20003.

 /s/ Carolyn Kolben
Carolyn K. Kolben, Bar No. 391156
Assistant United States Attorney
Room 10-441
Judiciary Center Bldg.
555 4th Street N.W.
Washington, D.C. 20530
202-616-0852

# UNITED STATES DEPARTMENT OF JUSTICE

## UNITED STATES PAROLE COMMISSION

I certify that I am a custodian of records of the United States Parole Commission, which is a repository of records concerning parole release and supervision for federal and District of Columbia offenders. The Parole Commission's address is 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

I further certify that, on the date noted below, I had custody of the Parole Commission's file for Willie Hamilton, Register Number 06088-007, as part of my official duties with the Commission.

The documents included with this certificate are true copies of documents found in that file.



*In witness whereof, I have signed, and caused the seal of the United States Parole Commission to be affixed on the date noted below.*

Rockne Chickinell
General Counsel
U.S. Parole Commission

Dated: 5-21-07

PSI ATTACHED

225581
MJD

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. F 12186-91 B
PDID No. 394-380

vs.

Willie C. Hamilton

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

Count "B" Distribution of Cocaine

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to Count "B" NLT Four (4) years, NMT Twelve (12) years Drug Treatment & Counseling recommended

☒ MANDATORY MINIMUM term of Four (4) years _____ applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

EXHIBIT

☐ _____

Costs in the aggregate amount of $20.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

1-29-92    11:50

_____
Date

Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

1-29-92

Deputy Clerk

```
5H    PAR8H   540*23 *              SENTENCE MONITORING          *      11-21-2006
    PAGE 001            *            COMPUTATION DATA                  17:20:41
                                    AS OF 04-30-2004         *
```

REGNO..: 06088-007 NAME: HAMILTON, WILLIE


```
FBI NO...........: 178308CA0              DATE OF BIRTH: █████████
ARS1.............: RIV/PAROLE
UNIT.............:                         QUARTERS.....:
DETAINERS........: NO                      NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 03-27-2004

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  04-30-2004 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 020 -----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F12186-91B
JUDGE...........................: CUSHENBERRY
DATE SENTENCED/PROBATION IMPOSED: 01-29-1992
DATE WARRANT ISSUED.............: 11-13-2002
DATE WARRANT EXECUTED...........: 04-28-2003
DATE COMMITTED..................: 12-19-2003
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

----------------------PRIOR OBLIGATION NO: 010 -------------------------
```
OFFENSE CODE....:  620
OFF/CHG: 33-541, DISTRIBUTION OF COCAINE
```

```
SENTENCE PROCEDURE..............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   12 YEARS
NEW SENTENCE IMPOSED...........:  1395 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 10-13-1991
```


G0002      MORE PAGES TO FOLLOW . . .

```
5H      PAR8H  540*23 *              SENTENCE MONITORING          *    11-21-2006
PAGE 002         *                  COMPUTATION DATA                   17:20:41
                                    AS OF 04-30-2004
```

REGNO..: 06088-007 NAME: HAMILTON, WILLIE


------------------------------PRIOR COMPUTATION NO: 020 -----------------------

COMPUTATION 020 WAS LAST UPDATED ON 12-19-2003 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:    020 010

```
DATE COMPUTATION BEGAN..........: 04-28-2003
TOTAL TERM IN EFFECT............: 1395 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS      9 MONTHS     24 DAYS
EARLIEST DATE OF OFFENSE........: 10-13-1991


JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                     04-25-2003    04-27-2003

TOTAL JAIL CREDIT TIME..........: 3
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 320
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 04-03-2006
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 02-17-2007

PAROLE EFFECTIVE................: 05-02-2004
PAROLE EFF VERIFICATION DATE....: 11-14-2003
NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

ACTUAL SATISFACTION DATE........: 04-30-2004
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: RIV
ACTUAL SATISFACTION KEYED BY....: JWW

DAYS REMAINING..................: 1021
FINAL PUBLIC LAW DAYS...........: 2

REMARKS.......: 10% DATE IS 03-27-2004.
```


G0002       MORE PAGES TO FOLLOW . . .

```
5H     PAR8H  540*23 *                SENTENCE MONITORING                    *   11-21-2006
PAGE 003          *                  COMPUTATION DATA              *      17:20:41
                                      AS OF 12-14-2001
```

REGNO..: 06088-007 NAME: HAMILTON, WILLIE


```
FBI NO..........: 178308CA0
ARS1............: RIV/PAROLE              DATE OF BIRTH:
UNIT............:
DETAINERS.......: NO                     QUARTERS.....:
                                         NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  12-14-2001 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 ----------------------
```
COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F12186-91B
JUDGE..........................: CUSHENBERRY
DATE SENTENCED/PROBATION IMPOSED: 01-29-1992
DATE WARRANT ISSUED............: 10-28-1998
DATE WARRANT EXECUTED..........: 10-28-1998
DATE COMMITTED.................: 10-28-1998
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:
```

```
                   FELONY ASSESS  MISDMNR ASSESS  FINES           COSTS
NON-COMMITTED.:    $20.00         $00.00          $00.00          $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------------PRIOR OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  381
OFF/CHG: DISTRIBUTION OF COCAINE - DC CODE 33-541(C)(1)(A-2)(I).

```
SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:  12 YEARS
NEW SENTENCE IMPOSED...........: 2541 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 10-13-1991
```

REMARKS.......: 07-16-01 - NOA ISSUED, PAROLE EFFECTIVE 12-15-01.
5H




G0002       MORE PAGES TO FOLLOW . . .

5H      PAR8H 540*23 *                    SENTENCE MONITORING              *    11-21-2006
PAGE 004 OF 004 *                         COMPUTATION DATA           *      17:20:41
                                          AS OF 12-14-2001

REGNO..: 06088-007 NAME: HAMILTON, WILLIE


------------------------------PRIOR COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 12-14-2001 AT CDC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 10-28-1998
TOTAL TERM IN EFFECT............: 2541 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    6 YEARS       11 MONTHS       14 DAYS
EARLIEST DATE OF OFFENSE........: 10-13-1991

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 667
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 12-14-2003
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 10-11-2005

PAROLE EFFECTIVE................: 12-15-2001
PAROLE EFF VERIFICATION DATE....: 12-14-2001
NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

ACTUAL SATISFACTION DATE........: 12-14-2001
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: CDC
ACTUAL SATISFACTION KEYED BY....: JAF

DAYS REMAINING..................: 1396
FINAL PUBLIC LAW DAYS...........: 1




S0039      ALL CURRENT COMPS ARE SATISFIED




PL-16
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE

ADULT     AP # 20193-97

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that _____ HAMILTON, Willie _____ D.C.D.C. __225-581__ is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on __November 12,__ ____, 19 _97_, and that said person remain under supervision within the limits of the __WASHINGTON METRO AREA__ (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until __July 24,__ _____, 19_98_; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this _____30th_____ day of _____September_____, 19_97_.

The above-named was released on the _____ day of _____, 19_____.

_____
Administrator

EXHIBIT
2

81—PS804




**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
PAROLE SUPERVISION SERVICES DIVISION
DISTRICT OF COLUMBIA BOARD OF PAROLE
300 INDIANA AVENUE N.W., 2ND FLOOR
WASHINGTON, DC 20001

# RELEASE VERIFICATION REPORT

INMATE'S NAME: Hamilton, Willie          GRANT DATE: 09-30-97

DCDC: 225-581 PDID: 394-380  DOB: ▮▮▮▮   INSTITUTION: Medium

OFFENSE(S): Dist. of Cocaine             SENTENCE(S): 4-12 yrs.

Warrant
Executed: 12-2-96

HOME: Jennie Hamilton          Grandmother          ▮▮▮▮▮▮▮
      Will reside with (Name)   Relationship         Telephone No.

ADDRESS: 404 Orange St., SE WDC 2003200

VERIFIED DATE: 10-30-97  METHOD: phone CONTACTED: same

EMPLOYER: None Indicated               POSITION:

ADDRESS:                                TELEPHONE:

SUPERVISOR:              WAGE:          HOURS:

DATE VERIFIED:          METHOD:        CONTACTED:

## SPECIAL CONDITION(S): Pay VVCC, Outpatient Drug Program, Narcotics Surveillance

## SPECIAL INSTRUCTIONS/ADDITIONAL COMMENTS:

PAROLE OFFICER: Teresa A. Jones _Teresa A. Jones_  DATE: 11-03-97

SUPERVISORY PAROLE OFFICER: WILLIETTE S. COPELAND  DATE: 11-03-97

Approved by D.C. Parole Board for RELEASE on 11.12.97
from _Minimum Facility_ with special
condition of _NS, OPDP, and Pay VVCC_

Parole Analyst _Mary Jo Williams_ Full term date 7-34-98 * 

* Subject is on administrative parole
with a FTD of 10·13·2003.



# DISTRICT OF COLUMBIA BOARD OF PAROLE

**WARRANT** 

.NUMBER: PE: 34378-98

WIN=N 00916709

TO: *Any Officer of the D.C. Department of Corrections. Any Police Officer or Federal Officer Authorized to Serve Criminal Process*

RE: NAME : HAMILTON, WILLIE *CHARLES*
ALIAS: HUTTON, MAURICE
"DOG"

EXECUTED: 10/28/98
FOR INTAKE
COMP. RETURN
BY F.S.

SSN# ▓▓▓▓
DCDC# 225-581
PDID# 394380
FBI# 178308CA0
DOB: ▓▓▓▓
SEX: MALE
RACE: BLACK
EYES: BROWN
HAIR: BLACK
HEIGHT: 5 ft   6 in
WEIGHT: 138 lbs
COMPLEXION: MEDIUM

DISTINGUISHING MARKS: SSN#520223

SENTENCE TYPE: ADULT

PAROLE OFFICER: MILLS, D

LAST KNOWN ADDRESS: 404 ORANGE ST., SE   Ward 8
WASHINGTON, DC 20032

SUBJECT'S LOCATION: At large__X___ Confined in_____

*Whereas the above-named person is under sentence in the District of Columbia for the crime(s) of Distribution of Cocaine and was on the 12th of November, 1997 released on parole from the Minimum Security Facil And whereas reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice,*

*YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND*

*RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS.*

*EXCEPT   IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL, STATE OR DISTRICT OF*

*COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT. PLACE A DETAINER AND NOTIFY*

*THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS*

*PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE. IMMEDIATELY*

*NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.*

*WITNESS our hand and the seal of this Board this*      16th        *day of October*, 1998
A TRUE COPY
TEST

*Director.* Michael Green
.... ....mination
... ....ard of Parole

_____
*Member, D.C. Board of Parole*

**EXHIBIT 3**

* *FYCA case ONLY: This warrant expires at 12:01 a.m. on* _____
*and the person named MUST NOT be held beyond that time.*    , 19_____

COMM.SERV.RECORD    ID:    NOV 16 98    10:34 No.007 P.02

*WARRANT for return of Paroled Prisoner*_____ HAMILTON, WILLIE C_____

DCDC No.____225-581____ to the Central Detention Facility, Washington, D.C.

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

## EXECUTING OFFICIAL'S RETURN TO THE DISTRICT OF COLUMBIA BORAD OF PAROLE

_____ *Washington*_____ , District of *Columbia* .

Received this writ the ___28___ day of __October__ , 19 98 , and executed same

by arresting Paroled Prisoner __Hamilton, Willie__ at

__D.C. Jail__ this __28__ day of __October__ .

19 98 , at 7:30 a.m./p.m., and committing him/her to __D.C. Dept. of Corrections__

_____ Cpl M. B _____
Executing Officer

Further executed same by commitment of the above-named Paroled Prisoner to

__D.C. Jail__ at __1901 D ST. S.E.__

on this __28__ day of __October__ , 19 98 , at 7 30 a.m./pm.,

the institution designated by the Attorney General, with this copy of the Warrant and the Statement

of Alleged Violations attached hereto.

_____ Cpl _____
Executing Officer

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

NOTE: *One signed copy of this executed warrant is to be returned to the District of Columbia Board of Parole. If an expired warrant for a prisoner sentenced under the Federal Youth Corrections Act (FYCA) is discovered in your files, it should be returned forthwith to the District of Columbia Board of Parole.*

Tape 2A at 06—

# DISTRICT OF COLUMBIA BOARD OF PAROLE
## PAROLE DETERMINATION RECORD
### REVOCATION HEARING

RE: Hamilton, Willie
    Subject's Name

225-581
DCDC#

394-380
PDID#

BIRTHDATE: ▓▓▓▓▓▓

BOP DOCKET #: #9812-0018

LOCATION:_____

CONSIDERATION DATE: 12-4-98

OFFENDER STATUS: ☐ Youth Act  ☑ Adult

PAROLE OFFICER: Dara Mills

UNIT: M543

☐ Order to Appear--Issued:_____    Served:_____

☐ Warrant--Issued: 10-15-98 Executed: 10-28-98 Served: 11-25-98

ANALYST: PK    PREPARED: 12-2-98

HEARING OFFICIALS: M. Green

SUPERVISION REPRESENTATIVE: Wade

ATTORNEY:_____

WITNESSES:_____

OTHERS PRESENT:_____

☐ HEARING NOT HELD, REASON:_____

    ☐ Reschedule By _____    ☐ Do Not Reschedule

OFFENSES ON WHICH CURRENT SENTENCE IS BASED: Dist. of
Cocaine, 4-12 yrs.

PENDING CASES:_____

=============================================================

## POST HEARING QUALITY ASSURANCE

ANALYST:_____    DATE:_____

EXHIBIT
4

PDS.202 11/16/94    1



RE: <u>Hamilton, Willie</u>    <u>225-581</u>    <u>394-380</u>
'  Subject's Name              DCDC#         PDID#

|  | IF NOT REVOKED | IF REVOKED |
|---|---|---|
| FULL TERM DATE: | 10-3-03 | ~~11-3-01~~ |
| MANDATORY RELEASE DATE: | 1-3-99 | ~~2-23-01~~ |

DATE ORIGINAL SENTENCE BEGAN: 1-29-92

PAROLE RELEASES THIS SENTENCE: 11-12-97

LAST PAROLE WAS: ☐ Mandatory  ☑ Discretionary  ☐ Reparole

SPECIAL CONDITIONS: NS, OPDP, Pay VVCC

DETAINERS OR CONSECUTIVE SENTENCES: NA

FACTS OF NEW CRIMINAL OFFENSES: 163 illegible

HO:

ANALYSIS OF CRIMINAL HISTORY, SUBSTANCE ABUSE, MENTAL HEALTH PROBLEMS, AND TREATMENT ATTEMPTS:

12 arrests since 1986 for drugs and property offenses. 5 convictions. No mental health history. Drug use included heroin, cocaine, and PCP.

RE: _Hamilton, Willie_          _225-●1_          _394-380_
    Subject's Name          DCDC#          PDID#

HO: _____

_____

_____

PERFORMANCE DURING LAST RELEASE ON PAROLE: *Released*
*2-20-91. Parole revoked 4-9-97*

_____

_____

_____

HO: _____

_____

_____

PERFORMANCE UNDER ANY PREVIOUS COMMUNITY SUPERVISION: *Parole*
*revocation 4-9-97. Probation revocation*
*3-20-89. Two other periods — no disposition*

_____

ANALYST'S REMARKS

*Current adjustment unsatisfactory.*

_____

_____

_____

_____

_____

_____

SETOFF GUIDELINE RECOMMENDATIONS

Noncriminal Violation
        less than 5 yrs remain          within 6 mos.
        5 or more years remain          within 6-9 mos.
Misdemeanor Charge or Conviction
        less than 5 yrs remain          within 6-9 mos.
        5 or more years remain          within 9-15 mos.
Felony Charge or Conviction
        less than 5 yrs remain          within 9-15 mos.
        5 or more years remain          within 15-24 mos.

PDS.202 11/16/94                    3

RE: Hamilton, Willie          225___1      394-380
     Subject's Name            DCDC#        PDID#

## NATURE AND NUMBER OF VIOLATIONS ALLEGED

_____ 1. Failure to report to Supervision immediately upon release.

_____ 2. Travel without approval from Parole Officer.

_____ 3. Visit to illegal establishment, including where alcoholic beverages are illegally sold, dispensed, or used.

__/__ 4. Illegal possession, use, sale, or purchase of any narcotic drug, controlled substance, or related paraphernalia, or visit to place where any such item is illegally sold, dispensed, used, or given away.

_____ 5. Ownership, possession, use, sale, or control of any deadly weapon or firearm.

_____ 6. Less than diligent efforts to find and maintain legitimate employment; support of self and legal dependents not commensurate with ability.

_____ 7. Failure to keep Parole Officer informed of place of residence and work, or to notify of loss of employment or change in residence.

_____ 8. Agreement to act as informer or agent for any law enforcement agency.

_____ 9. Failure to obey laws, or to report at the earliest opportunity any arrest or other involvement with law enforcement officials.

__/__ 10. Failure to cooperate with Board and Supervision, to carry out Parole Officer's instructions, or to report as directed, knowing that such failure may cause re-incarceration by the Board.

__/__ 11. Failure to abide by special conditions:_____

_____ **TOTAL NUMBER OF ALLEGATIONS**

## REVIEW OF RIGHTS

☑ Subject was advised of procedural rights and understood them.
☑ Subject elected to proceed with hearing.
☐ Subject requested postponement of hearing.
☐ Subject waived hearing and completed Waiver of Revocation Hearing form.

**PDS.202 11/16/94**                    4

RE: <u>Hamilton, Willie</u>          <u>225-  1</u>        <u>394-380</u>
   Subject's Name                DCDC#              PDID#

Allegation # <u>1</u> :  Subject committed a ☑ noncriminal ☐ criminal

violation of Parole Condition # <u>0406</u> by the following

alleged conduct on or about_____ 199__: _Illegally used_

_cont. dang. Subs. Cocaine, on 6-25-98, 7-27-98_

_and 8-26-98._____

_____

Evidence:  ☐ Police Report  ☐ Field Sheet  ☐ Other:_____

Case #_____          Status:_____

| Findings of Fact | Evidence |
|---|---|
| Admitted | Admission<br><br>— <br><br>Ins Report |

### CONCLUSION

☑  Parole Violation Sustained

☐  Parole Violation Not Sustained

☐  No Finding

RE:  Hamilton, Willie
   Subject's Name               225         394-380
                                       DCDC#        PDID#

Allegation #_2_:  Subject committed a ☑ noncriminal ☐ criminal

violation of Parole Condition # _0406_ by the following

alleged conduct on or about_____ 199_: _Illegally used a_

_Cont. dang. Subs. marijuana, on 7-27-98 and_

_8-26-98_

Evidence:  ☐ Police Report   ☐ Field Sheet   ☐ Other:_____
Case #_____          Status:_____

| Findings of Fact | Evidence |
|---|---|
| Admitted | Admission — lab reports |

CONCLUSION

☑  Parole Violation Sustained

☐  Parole Violation Not Sustained

☐  No Finding

PDS.202 11/16/94                6

RE: <u>Hamilton, Willie</u>
Subject's Name 

<u>225-</u>     <u>394-380</u>
DCDC#          PDID#

Allegation # <u>3</u> : Subject committed a ☑ noncriminal ☐ criminal

violation of Parole Condition # <u>1004</u> by the following

alleged conduct on or about_____199__: <u>Failed to report</u>

<u>to parole supervision on 7-9-98 as directed</u>

<u>on 6-25-98, and 9-3-98 as directed on 8-26-98</u>

Evidence: ☐ Police Report  ☐ Field Sheet  ☐ Other:_____

Case #_____     Status:_____

| Findings of Fact | Evidence |
|---|---|
| Admission | Admission |

CONCLUSION

☑ Parole Violation Sustained

☐ Parole Violation Not Sustained

☐ No Finding

RE: _Hamilton, Willie_          _225-●_     _394-380_
   Subject's Name                DCDC#        PDID#

Allegation # _4_ :  Subject committed a ☑ noncriminal ☐ criminal

violation of Parole Condition # _9951_ by the following

alleged conduct on or about_____199__ : _Noncompliance_ --
_Failed to complete an Outpatient drug_
_Program. Terminated from NRRA 8-6-98. Failed_
_to complete DC H H Detox. Failed to participate in_
_Saint NA meetings._
Evidence:  ☐ Police Report  ☐ Field Sheet  ☐ Other:_____

Case #_____    Status:_____

| Findings of Fact | Evidence |
|---|---|
| Admitted | Admission |

### CONCLUSION

☑  Parole Violation Sustained

☐  Parole Violation Not Sustained

☐  No Finding

RE: _Hamilton, Willie_                          225_____    _394-380_
    Subject's Name                             DCDC#          PDID#

Allegation # _5_ :   Subject committed a ☑ noncriminal ☐ criminal

violation of Parole Condition # _____ by the following

alleged conduct on or about_____199__: *Failed to maintain*

*legitimate employment since 5-18-98. Failed*

*to return job effort forms given to him*

*on 7-27-98, 8-26-98. and 9-8-98.*

Evidence:  ☐ Police Report  ☐ Field Sheet  ☐ Other:_____

Case #_____        Status:_____

| Findings of Fact | Evidence |
|---|---|
| *Admitted* | *Admission* |

### CONCLUSION

☑  Parole Violation Sustained

☐  Parole Violation Not Sustained

☐  No Finding

PDS.202 11/16/94                9

RE: Hamilton, Willie        225    1      394-380
    Subject's Name              DCDC#      PDID#

Allegation # 6 : Subject committed a ☐ noncriminal ☒ criminal

violation of Parole Condition # _0.901_ by the following

alleged conduct on or about_____199_ : *Failed to obey*

*all laws by being arrested on 10-27-98 for*

*an offense that occurred on 9-23-98 for*

*Attempted Burglary II.*

Evidence: ☐ Police Report   ☐ Field Sheet   ☐ Other:_____

Case # *F 7729-98*        Status: *No papered 10-28-98*

| Findings of Fact | Evidence |
|---|---|
| *Denied the ~~burglary~~. burglary II or any attempt to commit a burglary. Said his girlfriend resided at ~~the~~ location & brought proof in court that she resided there. Said he often was at her window w/ her permission* | *MPD 163* <br><br> *—* <br><br> *Subject's testimony* |

### CONCLUSION

☐   Parole Violation Sustained

☐   Parole Violation Not Sustained

☒   No Finding

RE: Hamilton, Willie
    Subject's Name

225-      394-380
DCDC#        PDID#

Allegation # 7 : Subject committed a ☒ noncriminal ☐ criminal

violation of Parole Condition # 1002 by the following

alleged conduct on or about_____199_ : Failed to Cooperate
with those responsible for his supervision.
Failed to comply with PO's request for Urine
specimen during his last office contact of
10-8-98

Evidence: ☐ Police Report ☐ Field Sheet ☐ Other:_____

Case #_____     Status:_____

| Findings of Fact | Evidence |
|---|---|
| Admitted | Admission |

CONCLUSION

✓    Parole Violation Sustained

☐    Parole Violation Not Sustained

☐    No Finding

PDS.202 11/16/94      11

RE: Hamilton, Willie                          225-  1          394-380
    Subject's Name                            DCDC#            PDID#

## HEARING OFFICIAL'S CONCLUSION

Violations Sustained:   # _____   ☐ Noncriminal ☐ Misdemeanor ☐ Felony

                        # _____   ☐ Noncriminal ☐ Misdemeanor ☐ Felony

                        # _____   ☐ Noncriminal ☐ Misdemeanor ☐ Felony

                        # _____   ☐ Noncriminal ☐ Misdemeanor ☐ Felony

                        # _____   ☐ Noncriminal ☐ Misdemeanor ☐ Felony

          Other: _____

Is Revocation Appropriate?    ☑ Yes   ☐   No

Is Reincaration Appropriate?  ☑ Yes   ☐   No

If Continued, is incarceration pending continuation appropriate?

                        ☐  Yes   ☐   No

Comments: _Subject readily admitted his noncompli-
ance behavior. He stated his drug addiction
was the primary cause of it. He stated
he needed to be reincarcerated to stop
using drugs and requested a set-off of
9 months which is the maximum
guideline for this case._

PDS.202 11/16/94              16

RE: Hamilton, Willie          225-          394-380
    Subject's Name                DCDC#              PDID#

## HEARING OFFICIAL'S RECOMMENDATION

DISPOSITION: _Revoke For NonCriminal violations,_
_____ _Consider For Reparole by 7-28-99_

Disposition Codes: _RE-01-71_ _____   ___-___

SPECIAL INSTRUCTIONS/CONDITIONS:

Code: _26_   _Drug Treatment_

Code: _10_   _C+P Program_

Others: _____

Disposition is Inside Guidelines   ☐ Yes   ☐ No
Setoff is Inside Guidelines        ☒ Yes   ☐ No

COUNTERVAILING FACTOR CODES: _____  _____   _____   _____

STAFF FOLLOW UP ACTIONS: _____

BY: _____   DATE: _12-4-98_
        Hearing Official

CONCURRENCE:   Based on examination of the relevant information in this case,
the Board concurs with the disposition recommended by the Hearing Official, and
hereby orders the issuance of the appropriate implementing documents.

Board Member: _____   Date: _12-4-98_

Board Member: _Margaret Quick_   Date: _12/29/98_

Board Member: _____   Date: _____

_AMS 1-7-99_

### NONCONCURRENCE--See Attached Form BOP.902

☐ Margaret Quick   ☐ Polly Nelson   ☐ Michael Green

PDS.202 11/16/94          17



# *The Board of Parole*

*of the*

# *District of Columbia*

## NOTICE OF BOARD ORDER



Order # 1 of 1

In reference to:

DCDC 225-581

**NAME** WILLIE C HAMILTON

**DOB** 

**SSN** ▮▮▮▮▮                    **LOCATION** D.C. JAIL

DOCKET H9812-0018

**CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR NONCRIMINAL VIOLATION(S); CONSIDER
FOR REPAROLE BY 07/28/1999

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

COMPLETE SUBS. ABUSE PROG
ADHERE TO C&P PROG RECOMM

Remarks:

ILLEG USED CONTROL-DANGER SUBSTANCE
;LLEG USED CONTROL-DANGER SUBSTANCE
FAILED TO REPORT AS DIRECTED
NONCOMPLIANCE: OUTPAT DRUG PROG
FAILED/EFFORT TO MAINT LEGIT EMPLOY
FAILED TO COOP W/ RESP FOR SUPV

12/29/1998
_____
Date

Seal

NOA Date _1 -8 -99_ by ___CM)___

*Margaret Quick* - 8

Chairman
on behalf of the Board of Parole

[ Parole Determination File ]
MILLS, D

EXHIBIT
5

12/11/2001 10:43 FAX                                                    ☑ 002/004

**U.S. Department of Justice**
**United States Parole Commission**

RECEIVED
JAN 10 2002

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that **HAMILTON**, Willie, REG No. 06088-007, (DCDC No. 225-581), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on December 15, 2001, and that said prisoner is to reside within the District of Columbia and to remain within the limits of the Washington, D.C. Metropolitan Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until and including October 11, 2005.

Given under the hands and the seal of the United States Parole Commission on December 11, 2001.

UNITED STATES PAROLE COMMISSION

**By: Steve Gagliardi, Case Analyst**

Docket/Case Number: F12186-91B
Initial Risk Category: SFS - 2
Acknowledgement of Release Conditions:
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

_Willie Hamilton_ ___Name___    _225-581_ ___DCDC No.___

Witnessed: _____  ___13/14/01___
              Name and Title                    Date

The above-named person was released on the _14_ day of _December_, 20_01_ with a total of _1397_ days remaining to be served.

Official Certifying Release

EXHIBIT
6

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**



**WARRANT APPLICATION**
D.C. Code Offender

---

Name .............................**Hamilton, Willie**

Reg. No ...........................**06088-007**
DCDC No........................**225-581**
FBI No............................**178308CA0**
Birth Date.......................
Race...............................**B**
Date ..............................**November 13, 2002**

Termination of Supervision.........**10/11/05**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date.............................**03/28/02**
Released.......................................**December 15, 2001**

Sentence Length ...........**12 years**
Original Offense.............**Distribution of Cocaine**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Failure to Submit to Drug Testing.** On the following dates, the subject failed to submit a urine specimen as instructed and as required by Condition No. 14 of his release: 03/28/02, 04/01/02, 04/03/02, 09/18/02, 10/04/02 & 10/09/02. This charge is based on the information contained in the violation report dated 11/08/02 from Community Supervision Officer Jonathan Martin.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** On the following date, the subject submitted urine specimens, which tested positive for the drugs specified:
Phencyclidine and Cocaine Metabolite on 10/02/02

---

Hamilton, Willie
Reg. No. 06088-007    DCDC No. 225-581

EXHIBIT
7

This charge is based on the information contained in the violation report dated 11/08/02 from Community Supervision Officer Jonathan Martin and the corresponding laboratory report dated 11/08/02

**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 3 - Failure to Report to Community Supervision Officer as Directed.** On the following dates, 10/04/02, 10/09/09 & 10/29/02, the subject failed to report to his Community Supervision Officer as directed. This charge is based on the information contained in the violation report dated 11/08/02 from Community Supervision Officer Jonathan Martin.

**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 4 - Violation of Special Condition (DAPS).** Since 10/08/02, the subject has willfully refused to participate in the Special Drug Aftercare Program as instructed by his Community Supervision Officer and as required by the conditions of his release. This charge is based on the information contained in the violation report dated 11/08/02 from Community Supervision Officer Jonathan Martin.

**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**

Warrant Recommended By:

Warrant Issued................... **November 13, 2002**

Steve Gagliardi, Case Analyst
U.S. Parole Commission

Community Supervision Office Requesting Warrant: **General Supervision Unit XI, 3850 South Capitol**



# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

---

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Hamilton, Willie, Reg. No. 06088-007, DCDC No. 225-581, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 12 years for the crime of Distribution of Cocaine and was on December 15, 2001 released on parole from Hope Village CCC with 1396 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on November 13, 2002

_____
U.S. Parole Commissioner

---



**Hamilton, Willie**
**Reg. No. 06088-007    DCDC No. 225-581**

EXHIBIT
8

09. 03. 2003  14:13  FAX                                                                    002

APR. -28''03(MON) 12:12   D/MD FUGITIVE OPS                    TEL:410    2824              P. 665

# WARRANT
## D.C. Code Offender

U.S. Department of Justice
United States Parole Commission

To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:

WHEREAS, Hamilton, Willie, Reg. No. 06088-007, DCDC No. 225-581, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 12 years for the crime of Distribution of Cocaine and was on December 15, 2001 released on parole from Hope Village CCC with 1396 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on November 13, 2002

_____
U.S. Parole Commissioner

**EXHIBIT**
9

Hamilton, Willie
Reg. No. 06088-007   DCDC No. 225-581

APR ~28'03(MON) 12:12   D/MD FUGITIVE OPS                 TEL:410 ___ 2824

## WARRANT For Return Of Prisoner Released To Supervision

Name:   Hamilton, Willie
Reg. No. 06088-007                          Institution:   Hope Village CCC
                                            DCDC No.   225-581

### UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

_____ District of _____ ss:

Received this writ the _28_ day of _April_ , 20 _03_ , and executed same by arresting the
within-named _PG County Detention Cente_
this _28_ day of _April_ , 20 _03_
at _HCC_ and committing him to _PSRS_ _PG/PG_

_J Hughes_
*U.S. Marshal*

_____
*Deputy Marshal*

Further executed same by committing him to _____
at _____ on _____ , 20 _____ , the institution
designated by the Attorney General, with the copy of the warrant and warrant application.

_____
*U.S. Marshal*

_____
*Deputy Marshal*

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

### ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _____

x _Willie Hamilton_                         _4-28-03_
*Prisoner's Signature*                      *Date*

*(If prisoner refuses to sign, Marshal should so indicate.)*

Hamilton, Willie
Reg. No. 06088-007   DCDC No. 225-5

U.S. DEPARTMENT OF JUSTICE
UNITED STATES PAROLE COMMISSION

**SUPPLEMENT**
D.C. Code Offender

Name ..........................Hamilton, Willie
Reg. No .......................06088-007
DCDC No....................225-581
FBI No..........................178 308 CA0
Birth Date...................
Race............................Black
Date ............................June 7, 2003

**CHARGES:**

Charge No. 5 - Law Violations — a) Burglary (2nd Degree), b) Possession of Drug Paraphernalia, c) Buglary (4th Degree/Tools), d) Malicious Destruction of Property (+$500)(3 Counts). On 1-3-2003, the subject broke a front window of the Green Valley Elementary School, Temple Hills, Maryland, to gain access to the building. While inside the school, the subject broke into a Pepsi and a Coke machine, demolishing them both. An entry/exit door at the rear of the school was also damaged (from the inside) in the subject's attempt to flee. The subject was apprehended by police at the scene. During a search incident to arrest, Police found a homemade crack pipe in the subject's front right pocket of his coveralls. Also recovered from the scene was a burgundy duffel bag containing burglary tools, which the subject admitted to police was his. The subject was arrested by Prince George's County Police for the above-cited offensesx on the same date. This information is contained in the statement for probable cause dated 1-3-2003. This charge is based on the information contained in the collateral response dated 3-12-2003 from U.S. Probation Officer Gregory Martin. Status of Custody/Criminal Proceedings: The subject is in custody with further court proceedings pending.
5a I ADMIT [    ] or DENY [    ] this charge.
5b I ADMIT [    ] or DENY [    ] this charge.
5c I ADMIT [    ] or DENY [    ] this charge.
5d I ADMIT [    ] or DENY [    ] this charge.

Warrant Issued ...........November 13, 2002
District Sent To ...........General Supervision Unit XI

Warrant Recommended By:

_Scott R._

Scott Kubic, Case Analyst
U.S. Parole Commission

---

Hamilton, Willie
Reg. No. 06088-007    DCDC No. 225-581
Warrant Application Supplement
Page 1

EXHIBIT
10

 

| U.S. DEPARTMENT OF JUSTICE | SUPPLEMENT |
|---|---|
| UNITED STATES PAROLE COMMISSION | D.C. Code Offender |

Name ...........................**Hamilton, Willie**
Reg. No ........................**06088-007**
DCDC No....................**225-581**
FBI No.........................**178 308 CA0**
Birth Date.................
Race............................**Black**
Date .............................**October 27, 2003**

## CHARGES:

Reference Charge No. 5 - Law Violation – Burglary (4ᵗʰ Degree Tools). On 4-25-2003, the subject was convicted by the Prince George's County District Court for the above-cited offenses and sentenced to 112 days, credit for time served, all other counts were nolle prossed. This information is contained in the Judgment dated 4-25-2003. This charge is based on the information contained in the violation report dated 10-16-2003 from U.S. Probation Officer Gregory Martin.

I ADMIT [ ] or DENY [ ] this charge.

Warrant Issued .................**November 13, 2002**
District Sent To ............General Supervision Unit XI

Warrant Recommended By:

Scott Kubic, Case Analyst
U.S. Parole Commission

Queued: 10-27-2003 11:33:04 USM-District of Columbia - District Court | USPO-General Supervision Unit XI, 3850 South Capitol |

EXHIBIT
11

## NOTICE TO ALLEGED PAROLE, SPECIAL PAROLE, MANDATORY RELEASE, OR SUPERVISED RELEASE VIOLATOR ELIGIBILITY FOR EXPEDITED REVOCATION PROCEDURE

Name: Hamilton, Willie        Reg. No: 06088-007        DCDC No.

1.      This is to inform you that the Parole Commission has found probable cause to believe that you have violated the conditions of your release.

2.      The specific charges upon which these findings are based:

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Charge No. 3 - Failure to Report to Community Supervision Officer as Directed

Charge No. 4 - Violation of Special Condition (DAPS)

Charge No. 5 - Law Violation  - Burglary (4th degree tools)

3.      Based on the finding of probable cause and information available to the Commission at this time, if you are revoked after a revocation hearing, your guidelines will be as follows:

Your violation behavior has been rated as Category Two severity because it involved  burglary .  Your salient factor score is 2 (see attached sheet).  You have been in local and federal confinement as a result of your behavior for a total of 10 month(s) as of  11/3/03.  Guidelines established by the Commission indicate a range of 16-22 months to be served.

Pursuant to its regulations, the Commission will render a decision within the applicable guideline range unless it finds good cause to render a decision above or below the applicable guideline range and provides specific reasons.

4.      Your violation behavior makes you eligible to apply for the following expedited procedure.  You may, if you wish, waive your right to a revocation hearing, accept responsibility for your conduct, and consent to revocation on the record.  If you do so, the Commission will take the following action in your case:

• Revoke parole; None of the time spent on parole shall be credited.  Parole effective 5/2/04 after the service of 16 months.

• In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.


EXHIBIT
12

After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

5.     For the Commission to approve your application for this expedited revocation procedure, the completed form must be received by the U.S. Parole Commission within **14 days of the date noted on the cover letter. If the completed form is not received within 14 days,** the revocation hearing will be held and the proposed decision set forth will not be binding on the Commission.

6.     You are under no obligation to apply for the expedited revocation procedure set forth above. If you do not wish to waive your right to a revocation hearing and accept the proposed decision set forth, please indicate below that you decline the proposal. You will be given a revocation hearing under normal procedures. After your revocation hearing, the Commission, on the basis of the information available, may take any action authorized by its regulations. Thus, the action taken by the Commission may be the same, more favorable, or less favorable than the proposed action set forth above. The fact that you chose to have a revocation hearing rather than accept the proposed decision set forth above will not be taken into account.

I hereby waive my right to a revocation hearing before the U.S. Parole Commission. I accept responsibility for the conduct charged against me in the warrant application and I accept the proposed Parole Commission decision set forth on this form. I understand that my reparole date is contingent upon my maintaining a record of good conduct in the institution up to the date of release and an acceptable release plan. I also understand that my consent will not constitute an enforceable agreement with respect to any other action the Commission is authorized to take by law or regulation, or to limit in any respect the normal consequences of revocation.

Because I accept the proposed U.S. Parole Commission's decision set forth on this form, I understand that I am waiving my right to appeal this decision.

_Willie Hamilton_     _11-10-03_
Signature     Date

_[signature]_     _11-10-03_
Witness     Date

_____

I decline the U.S. Parole Commission's revocation proposal. I wish to have an in-person revocation hearing.

_____     _____
Signature     Date

_____     _____
Witness     Date

_____

I wish to request a 14-day extension to consider this proposal.

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: HAMILTON, Willie<br>Register Number: 06088-007<br>DCDC No: 225-581 | Institution: USM – Washington, DC<br><br>Date:    November 14, 2003 |

In the case of the above-named, the following parole action was ordered:

### DC EXPEDITED REVOCATION

Revoke parole; None of the time spent on parole shall be credited. Parole effective (5/2/2004) after the service of 16 months.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**FINDINGS OF FACT:**

The Commission has found that you violated the following condition(s) of release:

     Charge No. 1 - Failure to Submit to Drug Testing.

Charge No. 2 - Use of Dangerous and Habit Forming Drugs.

Charge No. 3 - Failure to Report to Community Supervision Officer as Directed.

Charge No. 4 - Violation of Special Condition (DAPS).

Charge No. 5 - Law Violation - Burglary (4th degree tools).

Basis for the above stated finding(s): Your admission.

**REASONS:**

Pursuant to the revocation proposal you signed on 11/10/2003, Your violation behavior has been rated as Category Two severity because it involved burglary. Your salient factor score is 2 (see attached sheet). You have been in local and federal confinement as a result of your behavior for a total of 10 month(s) as of 11/03/2003. Guidelines established by the Commission indicate a range of 16-22 months to be served. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

Hamilton 06088-007                                               -1-
Queued: 11-14-2003 16:52:24 USM-District of Columbia - District Court | USM-District of Columbia - District Court D.C.
District Court | FPD-District of Columbia, District of Columbia - DC |

Clerk:    OMG

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:   Jonathan Martin
      U.S. Probation Officer
      General Supervision Unit III
      CSOSA
      3850 South Capitol Street, S.E.
      Second Floor
      Washington, D.C. 20032

      Hunter Labovitz
      Public Defender Service
      District of Columbia
      Special Proceedings Division
      633 Indiana Avenue, N.W.
      Washington, D.C. 20004

      U.S. Marshals Service
      District of Columbia - District Court
      333 Constitution Avenue, N.W.
      Room 1400
      Washington, DC 20001
      Attn: Karen Brown

      Case Manager Coordinator
      D.C. CCM
      Federal Bureau of Prisons
      800 N. Capitol Street, N.W.
      Suite 270
      Washington, D.C. 20002

      CSS Management Group
      Attn: Sharon Barnes-Durbin, SCSA
      300 Indiana Avenue, NW
      Second Floor, Suite 2149
      Washington, DC 20001



Hamilton 06088-007                              -2-                         Clerk:   OMG
Queued: 11-14-2003 16:52:24 USM-District of Columbia - District Court | USM-District of Columbia - District Court, D.C.
District Court | FPD-District of Columbia, District of Columbia - DC |



## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 2 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0 | **F** - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |



| Points For SFS Item C | | |
|---|---|---|
| Age | Prior Commitments | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Queued: 11-14-2003 16:52:24 USM-District of Columbia - District Court | USM-District of Columbia - District Court, D.C.
District Court | FPD-District of Columbia, District of Columbia - DC |

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Hamilton, Willie, Register No. 06088-007, (DCDC No. 225-581) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on May 2, 2004 and remain under parole supervision through February 17, 2007. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on April 30, 2004.

UNITED STATES PAROLE COMMISSION

By: Jo-Ann L. Kelley, Case Analyst

Docket/Case Number: H2186-91B
Initial Risk Category: SFS 2

**Acknowledgement of Release Conditions**

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

| | |
|---|---|
| Willie Hamilton | 225-581 |
| Name | DCDC No. |

Witnessed: _____   Date: 10-18-05

The above-named inmate was released on the _____ day of _____, 20___ with a total of _____ days remaining to be served.

_____
Official Certifying Release

Queued: 04-30-2004 09:46:59 BOP-Rivers Correctional Institution |

EXHIBIT
14

U.S. DEPARTMENT OF JUSTICE
UNITED STATES PAROLE COMMISSION



**WARRANT APPLICATION**
D.C. Code Offender

---

Name.............................. **Hamilton, Willie**

| | |
|---|---|
| Reg. No............................ **06088-007** | Date...........................................November 22, 2006 |
| DCDC No. ...................... **225-581** | Termination of Supervision ..... February 17, 2007 |
| FBI No............................. **178308CAO** | [If Conviction Offense Before April 11, 1987 And |
| Birth Date ...................... | Offender Is On Mandatory Release, Termination |
| Race ............................... **Black** | Date Is 180 Days Prior To Full Term] |
| | Violation Date ..........................August 30, 2004 |
| | Released...................................April 30, 2004 |

Sentence Length............ **12 Years (original term) 1395 days (violator term)**
Original Offense ........... **Distribution of Cocaine**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. 1 - Failure to Submit to Drug Testing.** Between 8-30-04 and 10-19-06, the releasee failed to submit urine specimens on 23 occasions. This charge is based on the information contained in the violation report dated 10-26-06 from supervising Officer Shrita Kaymore.
**I ADMIT [   ] or DENY [   ] this charge.**

---

**Hamilton, Willie**
**Reg. No. 06088-007    DCDC No. 225-581**

EXHIBIT
15



**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:

Cocaine on 9-8-04 5-3, 5-31-05, 7-18, 7-20, 8-3, 9-7, 9-28 and 10-5-06

Cocaine and Marijuana on 9-14, 9-19, 9-26 and 10-12-06

This charge is based on the information contained in the violation report dated 10-26-06 from supervising Officer Shrita Kaymore and corresponding drug report dated 10-26-06
I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 3 - Failure to Comply with Graduated Sanctions (Daily Reporting).** On 9-26-06, the releasee was instructed to report daily while awaiting placement into a drug treatment program. He failed to do so on 10-10, 10-16 and 10-17-06. This charge is based on the information contained in the violation report dated 10-26-06 from supervising Officer Shrita Kaymore.
I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 4 - Violation of Special Condition (Drug Aftercare).** The releasee failed to enter the Samaritans Inns drug treatment program on 10-10-06. This charge is based on the information contained in the violation report dated 10-26-06 from supervising Officer Shrita Kaymore and running record entry dated 10-5 and 10-11-06.
I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 5 - Law Violation. A) Unlawful Entry; B) UCSA Possession of Cocaine (Crack); C) Possession of Drug Paraphernalia; D) Possession of a Prohibited Weapon (Crowbar).** On 11-9-06, the releasee entered the Raymond Recreational Park after dark where a sign was displayed indicating that the park was closed during that time. A member of the Metropolitan Police Department observed the releasee in the park and proceeded to arrest him. During the search incident to arrest, the officer recovered a rock of cocaine from the releasee's hat, two glass pipes from his pants pocket and a crowbar from his waistband area. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 11-9-06. This charge is based on the information contained in the violation report dated 11-14-06 from supervising officer Kelli Wynn and a police report dated 11-9-06. Status of Custody/Criminal Proceedings: The subject was released on 11-11-06 and a court date is scheduled for 12-14-06.
A) I ADMIT [  ] or DENY [  ] this charge.
B) I ADMIT [  ] or DENY [  ] this charge.
C) I ADMIT [  ] or DENY [  ] this charge.
D) I ADMIT [  ] or DENY [  ] this charge.

**Probable Cause Hearing Is Required**

Warrant Issued.................. November 22, 2006

**Warrant Recommended By:**

*Rhonda A. Shelton*

**Rhonda A. Shelton, Case Analyst
U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **SAINT/HIDTA-Team 33, 300 Indiana Avenue**

---

**Hamilton, Willie
Reg. No. 06088-007    DCDC No. 225-581**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Hamilton, Willie, Reg. No. 06088-007, DCDC No. 225-581, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 12 Years (original term); 1395 days (violator term) for the crime of Distribution of Cocaine and was on April 30, 2004 released on parole from Rivers CI with 1021 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on November 22, 2006

U.S. Parole Commissioner

**Hamilton, Willie**
**Reg. No. 06088-007    DCDC No. 225-581**

EXHIBIT
16

## WARRANT For Return Of Prisoner Released To Supervision

Name:  Hamilton, Willie
Reg. No. 06088-007

Institution:  Rivers CI
DCDC No.  225-581

### UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

_____ District of _____ *Cur* _____ ss:

Received this writ the _*20th*_ day of _*NOV*_, 20_*06*_ and executed same by arresting the within-named _*Willie Hamilton*_ this _*12th*_ day of _*Dec*_, 20_*06*_ at _*2PM*_ and committing him to _*DC JAIL*_

_*George Walsh*_
U.S. Marshal

_*Patty Blackshar*_
Deputy Marshal

Further executed same by committing him to _____
at _____ on _____, 20_____, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

### ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _*Nov 22, 2006*_

_*Willie Hamilton*_                    _*Dec 12, 2006*_
Prisoner's Signature                            Date

Hamilton, Willie
Reg. No. 06088-007   DCDC No. 225-5⌐

**EXHIBIT**
**17**

** TOTAL PAGE.02 **

U.S. DEPARTMENT OF JUSTICE
UNITED STATES PAROLE COMMISSION

SUPPLEMENT
D.C. Code Offender

Name...........................Hamilton, Willie
Reg. No .......................06088-007
DCDC No....................225-581
FBI No..........................178308CA0
Birth Date.................
Race..............................Black
Date .............................May 14, 2007

CHARGES:

Referencing Charge No. 5 - Law Violation- a) Unlawful Entry b) UCSA Possession of a Controlled Substance-Cocaine c) Possession of Drug Paraphernalia d) Possession of Prohibited Weapon-Crowbar. *On 12/15/06, the releasee was convicted by the D.C. Superior Court for charge 4 (d) and sentenced to 60 days.* This charge is based on the information contained in the Prism printout dated 1/26/07. Status of Custody/Criminal Proceedings: Charge 4 (a), 4 (b) and 4 (c) were dismissed

a) I ADMIT [   ] or DENY [   ] this charge.
b) I ADMIT [   ] or DENY [   ] this charge.
c) I ADMIT [   ] or DENY [   ] this charge.
d) I ADMIT [   ] or DENY [   ] this charge.

Charge No. 6 - Law Violation- a) Possession of Marijuana. b) Attempted Possession of a Controlled Substance-Cocaine. On 12/9/06, during an investigatory stop, the releasee was observed tossing a red bag containing 4 ziplock baggies of crack cocaine and 2 ziplock baggies containing marijuana. The releasee was arrested by the MPD for the above cited offense. *On 12/15/06, the releasee was convicted by the D.C. Superior Court for Attempted Possession of a Control Substance-Marijuana (charge 5 a) and Attempted Possession of a Controlled Substance-Cocaine (charge 5 b) and sentenced to 60 days on (charge 5 a) and 60 days on charge 5 (b).* This charge is based on the information contained in the police report dated 12/10/06, and a Prism printout dated 4/18/07. Status of Custody/Criminal Proceedings:

a) I ADMIT [   ] or DENY [   ] this charge.
b) I ADMIT [   ] or DENY [   ] this charge.

Warrant Issued ............11/22/2006
District Sent To ..........

Warrant Recommended By:

*Jequan S Jackson*

Jequan S. Jackson, Case Analyst
U.S. Parole Commission

EXHIBIT
18

Date Printed: 5/21/2007

Time Printed: 11:49:29 AM

Page: 1    of

## U.S. PAROLE COMMISSION

## HEARING DOCKET PRISONER SCHEDULING

ALL INFORMATION FOR PRISONER

REG: 06088-007                    NAME: HAMILTON, WILLIE                    DCDC:

| EXAMINER HEARING TYPE | DOCKET DATE REHEAR FOR INFO | ATTORNEY KEYER'S NAME | CSO | LOCATION | STATUS | TAPE NUM |
|---|---|---|---|---|---|---|
| DC Institutional Revocation | 5/21/2007 | McAroy-Grey, Ms. N | Lori C. Gobie | | Scheduled | PR017011 |
| Baker, Phyllis Probable Cause | 12/11/2006 | <Blank> N | Phyllis Linnes | | 12-Continue, Prisoner Unavailable | |
| Green, Michael DC Local Revocation At CTF | 11/10/2003 | Labovitz, Hunter N | Martin, Jonathan Lori C. Gobie | | J-Removed Other (See Text) | PR001387 |
| Waiting for Collateral response from MD | | | | | | |
| DC Local Revocation At CTF | 11/10/2003 | Labovitz, Hunter N | Martin, Jonathan Lori C. Gobie | | G-Removed Accepted Expedited | PR002032 |
| DC Local Revocation At CTF | 9/22/2003 | Labovitz, Hunter N | Martin, Jonathan | | Re-Scheduled | PR001278 |
| Lyons, Charles Probable Cause | 9/8/2003 | <Blank> N | | | 01-Find PC, Hold for Local Hearing | |

Subject placed on Docket for Counsel Request and to have Local Revocation Scheduled.

EXHIBIT
19

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE   HAMILTON, | ) |
| Petitioner, | ) Case No. 1:07-cv-00689 (JR) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| UNITED STATES FEDERAL | ) |
| PAROLE COMMISSION, | ) |
| Respondent. | ) |

## ORDER

_____Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, and the United States Parole Commission's Opposition to the Petitioner's Petition for a Writ of Habeas Corpus, and for the reasons stated in the United States' Opposition, it is hereby

ORDERED that the Petitioner's Petition for a Writ of Habeas Corpus is **Denied**.

SO ORDERED.

_____
JAMES   ROBERTSON
United States District Court Judge

Date:

Copies to:

Carolyn K. Kolben
Assistant United States Attorney
555 4th Street, N.W., Room 10-441
Special Proceedings Section
Washington, D.C.  20530

Willie Hamilton
No. 225-581
Reg. No. 06088-007
D.C. Jail
1901 D Street, S.E.
Washington, D.C. 20003